UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

Sharon Pawlak,
individually and on behalf of
all others similarly situated,

      Plaintiff,                           CASE NO. 17-cv-357

      v.                                JURY TRIAL DEMANDED

World Wide Signs Systems, Inc.

      Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Sharon Pawlak, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant World Wide Signs Systems, Inc. (hereinafter "World Wide Signs") at times since March 10, 2014. World Wide Signs has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. As a result, World Wide Signs has denied Plaintiff Sharon Pawlak and the putative class members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2. World Wide Signs is a wholesale sign manufacturer that commercially manufactures electric sign products for national sale out of its headquarters located in Bonduel, Wisconsin.

3. Plaintiff Sharon Pawlak brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Sharon Pawlak also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of

the events or omissions giving rise to the claim occurred within the district and Defendant World Wide Signs has substantial and systematic contacts in this district.

## PARTIES

7. Defendant World Wide Signs is a Wisconsin Corporation with a principal place of business located at 446 N. Cecil Street, P.O. Box 338, Bonduel, Wisconsin 54107. World Wide Signs has four locations: Bonduel, Wisconsin, Shawano, Wisconsin, Atlanta, Georgia, and Carson City, Nevada. World Wide Signs' registered agent for service of process in the State of Wisconsin is Rick L. Durante located at 446 N. Cecil Street, Bonduel, Wisconsin 54107.

8. Plaintiff Sharon Pawlak is an adult resident of Oconto County in the State of Wisconsin. Plaintiff Pawlak is a former employee of World Wide Signs who worked as a Vinyl Layer and Zunn Operator from December 2011 until approximately December 19, 2016. Plaintiff Pawlak's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9. Plaintiff Pawlak brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by World Wide Signs at its Bonduel, Wisconsin location and who were paid on an hourly basis at any time since March 10, 2014.

10. Plaintiff Pawlak brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows:

> All persons who are or have been employed by World Wide Signs at its Bonduel, Wisconsin location and who were paid on an hourly basis at any time since March 10, 2015.

## GENERAL ALLEGATIONS

11. Plaintiff Pawlak and the Collective Rounding Class work, or have worked, for World Wide Signs as hourly employees at times since March 10, 2014.

12. Plaintiff Pawlak and the Wisconsin Rounding Class work, or have worked, for World Wide Signs as hourly employees at World Wide Signs' Bonduel, Wisconsin location at times since March 10, 2015.

13. World Wide Signs manufactures electric sign products at its facility in Bonduel, Wisconsin.

14. Since March 10, 2014, Plaintiff Pawlak, the Collective Rounding Class, and the Wisconsin Rounding Class have been paid on an hourly basis for their work at World Wide Signs' Bonduel, Wisconsin facility.

15. Since March 10, 2014, World Wide Signs, Plaintiff Pawlak, and the Wisconsin Rounding Class have agreed to specific hourly rates which were to be paid to Plaintiff Pawlak and the Wisconsin Rounding Class in exchange for their hours worked workweek for World Wide Signs.

16. Since March 10, 2014, World Wide Signs has implemented a time clock rounding policy applicable to Plaintiff Pawlak, the Wisconsin Rounding Class, and

the Collective Rounding Class where hourly employees' starts and end times for their shifts were rounded in fifteen minute increments.

17. Under World Wide Signs' time clock rounding policy, World Wide Signs rounded its employees start and end times to 15-minute intervals, but not to the nearest 15-minute interval despite the fact that employees performed compensable work during the period of time which was rounded.

18. As an example, under World Wide Signs impermissible time clock rounding policy, if an employee punched in 5:02, World Wide Signs would round up to 5:15. If the employee punched in 5:17, World Wide Signs would round up to 5:30.

19. Likewise, under World Wide Signs' impermissible time clock rounding policy, if an employee punched out at 3:07, World Wide Signs would round back to 3:00. If an employee punched out at 3:22, World Wide Signs would round back to 3:15.

20. Since March 10, 2014, World Wide Signs has suffered or permitted Plaintiff Pawlak to regularly work more than forty hours during workweeks in which World Wide Signs applied its time clock rounding policy.

21. Since March 10, 2014, World Wide Signs has suffered or permitted the Collective Rounding Class and the Wisconsin Rounding Class to work more than forty hours during workweeks in which World Wide Signs applied its time clock rounding policy.

22. As a result of applying this time clock rounding policy, World Wide Signs improperly denied Plaintiff Pawlak, the Collective Rounding Class, and the Wisconsin Rounding Class of compensation at one and one-half times their

respective regular rates for hours worked in excess of forty in many workweeks since March 10, 2014.

23. Since March 10, 2015, World Wide Signs' application of its time clock rounding policy resulted in employees, including Plaintiff Pawlak, the Collective Rounding Class, and the Wisconsin Rounding Class being suffered or permitted to perform work for World Wide Signs without compensation at their agreed-upon hourly rates.

24. World Wide Signs' impermissible time clock rounding policy consistently operated to the disadvantage of World Wide Signs' employees.

25. World Wide Signs' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Pawlak, the Collective Rounding Class, and the Wisconsin Rounding Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

26. Plaintiff Pawlak and the Collective Rounding Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to World Wide Signs' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Pawlak as stated herein are the same as those of the Collective Rounding Class.

27. The FLSA Section 216(b) Collective Rounding Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from World Wide

Signs. Notice can be provided to the Collective Rounding Class via first class mail to the last address known to World Wide Signs and through postings at World Wide Signs' facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

28. Plaintiff Pawlak brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rounding Class for violations occurring on or after March 10, 2015 (the "Wisconsin Rounding Class Period").

29. The proposed Wisconsin Rounding Class' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of World Wide Signs, upon information and belief, there are at least 40 members in the Wisconsin Rounding Class.

30. Plaintiff Pawlak's claims are typical of those claims that could be alleged by any member of the Wisconsin Rounding Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rounding Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of World Wide Signs and World Wide Signs benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rounding Class. Plaintiff Pawlak and the other members of the Wisconsin Rounding Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff Pawlak is able to fairly and adequately protect the interests of the Wisconsin Rounding Class, has no interests antagonistic to the Wisconsin Rounding Class, and has retained counsel experienced in complex wage and hour class action litigation.

32. There are questions of fact and law common to the Wisconsin Rounding Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from World Wide Signs' actions include, without limitation, the following:

a) Whether World Wide Signs' rounding policy violated Wisconsin's wage laws;

b) Whether World Wide Signs failed to pay the Wisconsin Rounding Class for all work Plaintiff Pawlak suffered or permitted them to perform; and

c) The nature and extent of class-wide injury and the measure of damages for the injury.

33. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

34. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

35. Plaintiff Pawlak, individually and on behalf of the Collective Rounding Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

36. Since March 10, 2014, Plaintiff Pawlak and the Collective Rounding Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

37. Since March 10, 2014, World Wide Signs has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

38. Since March 10, 2014, Plaintiff Pawlak and the members of the Collective Rounding Class have been employees within the meaning of 29 U.S.C. § 203(e).

39. Since March 10, 2014, World Wide Signs has been an employer of Plaintiff Pawlak and the Collective Rounding Class as provided under 29 U.S.C. § 203(d).

40. Since March 10, 2014, World Wide Signs has violated the FLSA by failing to pay overtime compensation due to Plaintiff Pawlak and the Collective Rounding Class for each hour worked in excess of forty hours in any given workweek.

41. Plaintiff Pawlak and the Collective Rounding Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling

because World Wide Signs acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

42. Alternatively, should the Court find that World Wide Signs did not act willfully in failing to pay overtime premium wages, Plaintiff Pawlak and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

43. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime

44. Plaintiff Pawlak, individually and on behalf of the Wisconsin Rounding Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

45. Since March 10, 2015, Plaintiff Pawlak and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

46. Since March 10, 2015, Plaintiff Pawlak and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

47. Since March 10, 2015, Plaintiff Pawlak and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

48. Since March 10, 2015, Plaintiff Pawlak and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

49. Since March 10, 2015, Plaintiff Pawlak and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

50. Since March 10, 2015, World Wide Signs was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

51. Since March 10, 2015, World Wide Signs was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

52. Since March 10, 2015, World Wide Signs was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

53. Since March 10, 2015, World Wide Signs was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

54. Since March 10, 2015, World Wide Signs was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

55. Since March 10, 2015, World Wide Signs has employed, and/or continues to employ Plaintiff Pawlak and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

56. Since March 10, 2015, World Wide Signs has employed, and/or continues to employ Plaintiff Pawlak and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

57. Since March 10, 2015, World Wide Signs has employed, and/or continues to employ Plaintiff Pawlak and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

58. Since March 10, 2015, World Wide Signs has employed, and/or continues to employ Plaintiff Pawlak and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

59. Since March 10, 2015, World Wide Signs has employed, and/or continues to employ Plaintiff Pawlak and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since March 10, 2015, Plaintiff Pawlak and the Wisconsin Rounding Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

61. Since March 10, 2015, World Wide SIgns had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class overtime wages for all hours worked in excess of forty hours in a given workweek.

62. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

63. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime, and agreed upon wages.

64. As set forth above, Plaintiff Pawlak and the Rounding Class have sustained losses in their compensation as a proximate result of World Wide Signs' violations. Accordingly, Plaintiff Pawlak, individually and on behalf of the Wisconsin Rounding Class, seeks damages in the amount of their respective unpaid

compensation, injunctive relief requiring World Wide Signs to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

65. Under Wis. Stat. §109.11, Plaintiff Pawlak and the Wisconsin Rounding Class may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

66. Plaintiff Pawlak, individually and on behalf of the Wisconsin Rounding Class, seeks recovery of attorneys' fees and the costs of this action to be paid by World Wide Signs, pursuant to the Wisconsin law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Pawlak, individually and on behalf of all members of the Collective Rounding Class and the Wisconsin Rounding Class hereby requests the following relief:

- a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Rounding Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

- b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rounding Class;

- c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

- d) An order designating Plaintiff Sharon Pawlak as the Named Plaintiff and as representative of the Wisconsin Rounding Class set forth herein;

- e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring World Wide Signs' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that World Wide Signs violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against World Wide Signs in the amount equal to the Plaintiff's, the Collective Rounding Class', and the Wisconsin Rounding Class' unpaid wages at the applicable agreed-upon wage, overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury pursuant to FED. R. CIV. P. 38(b).

Dated this 10th day of March, 2017.

        Respectfully submitted,

        *s/ Summer H. Murshid*
        Summer Murshid
        Bar Number 1075404
        Larry A. Johnson
        Bar Number 1056619
        Timothy Maynard
        Bar Number 1080953
        Attorneys for Plaintiffs

        **Hawks Quindel, S.C.**
        222 East Erie, Suite 210

P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: smurshid@hq-law.com
      ljohnson@hq-law.com
      tmaynard@hq-law.com